## SARAH R. CLINTON v. COMMERCIAL TRIBUNE COMPANY.

---

*Communication to reporters not privileged—*
A communication made to a newspaper reporter and afterwards published, is not privileged, and a question, in an action for libel, as to who furnished the information, is both material and competent.

This is a suit for damages for alleged libel, and the present hearing was on a motion to commit the writer of an article for contempt for refusing to divulge the name of his informant.

SMITH, J.

In the above case wherein George A. Boissard, while giving his deposition before a notary public, declined to answer certain questions propounded upon the grounds:

First. That the communications made were privileged.

Second. That the questions were irrevelant, incompetent and immaterial.

The witness does not come within the statute relating to privileged communications, and it seems to the court that the questions are material and competent as bearing upon the question of malice in the publication complained of and upon the good faith exercised in investigating the truth or falsity of the facts stated.

It is also, in the opinion of the court, a part of the transaction or *res gestae* of the case, to-wit: the printing of the article. The witness states "it came from a typewriter operated by myself." The questions as to the *data*, source of information, etc., are sufficiently close connected with this to make the entire matter one and the same, and the information the witness is asked to disclose part of the *res gestae*.

An order may, therefore, be taken for the witness to answer.

*J. H. Cabell*, for notary.

*Thornton M. Hinkle*, for Boissard.